Dwight OSBORNE, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. C–3–80–209.

United States District Court,
S. D. Ohio, W. D.

May 5, 1981.

John A. Cervay, E. S. Gallon & Associates, Dayton, Ohio, for plaintiff.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

DECISION AND ENTRY OVERRULING MOTION OF PLAINTIFF, SEEKING REVIEW OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE; REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE ADOPTED IN ITS ENTIRETY; PLAINTIFF REQUIRED TO FILE A MOTION FOR SUMMARY JUDGMENT WITHIN THIRTY DAYS FROM DATE OF RECEIPT OF NOTICE OF THIS OPINION

RICE, District Judge.

This matter is before the Court on the motion of plaintiff, Dwight Osborne, to review the Report and Recommendation of the United States Magistrate, dated February 12, 1981, which recommended denial of plaintiff's motion to remand this case to the Secretary of Health and Human Services for consideration of additional evidence. For the reasons stated below, this Court concludes that plaintiff's motion is not well taken, and the Court does, therefore, adopt in full the Magistrate's Report and Recommendation.

*Statement of the Case*

On July 10, 1979, claimant-plaintiff Osborne filed an application for Supplemental Security Income ("SSI"), alleging that he became unable to work in May, 1979, at the age of twenty. Plaintiff's primary impairment is mental retardation.

The application was denied initially and upon reconsideration by the Office of Disability Operations of the Social Security Administration. On December 7, 1979, a de novo hearing was conducted before an Administrative Law Judge (ALJ). Dwight Os-

borne, the claimant, appeared and testified at the hearing, as did his father and representative, Monroe Osborne. Also presented to the ALJ were several documentary exhibits, including a psychological evaluation report by Dr. Baker, dated 8/7/79; a vocational report, dated 7/10/79; a disability report, dated 7/10/79; and a program outline from the Ohio Rehabilitation Services, dated 12/19/79.

On January 4, 1980, the ALJ rendered a decision denying claimant's application for SSI. The ALJ set forth the criteria against which he evaluated the claimant's application, stating:

> The Social Security Regulations set forth criteria for the evaluation of disability cases under Titles II and XVI of the Social Security Act and provide for sequential evaluation of the disability taking into consideration the following factors in the order set forth: (1) is the individual engaging in substantial gainful activity; (2) is the individual's impairment not severe; (3) does the individual's medical impairment meet the duration requirements and meet or equal the severity of a listed impairment in the Appendix 1; (4) is the individual able to perform his past relevant work; (5) does the individual, despite his exertional impairments, have the residual functional capacity to engage in sedentary, light, medium, or heavy work activity.

(Decision of ALJ at 4, doc. # 5, Transcript of Administrative Hearing, at 10).

The ALJ determined that claimant was not engaging in substantial gainful activity, and that his impairment was severe. However, because claimant's IQ is above 70, and because he can read, write and follow simple directions, his impairment could not be considered to be a listed impairment, and there was no basis for finding that such impairment is equal in severity to any other impairment set forth in Part A, Appendix 1, to Subpart I, Regulations No. 16. This determination triggered consideration of the fourth criterion set forth above, that is, whether the claimant's impairment precludes him from performing his past relevant work.

The ALJ found that the claimant's only past relevant work had been in the capacity of a dishwasher. At the hearing, claimant's father had testified that claimant was unable to perform this job because "he couldn't be trusted to do the job after he has learned it." *Id.* at 11–12. Claimant explained that "he was too slow and therefore got yelled at." *Id.* at 12.

The ALJ noted that the psychological evaluation indicated that claimant was "capable of understanding and following instructions and performing simple repetitive tasks," and stated that the job of dishwasher constituted such a task. *Id.* After briefly discussing the claimant's past work history, including his two previous positions as a dishwasher, from which he was not fired, the ALJ concluded that claimant had failed to demonstrate "an inability to perform the jobs which he has had in the past." *Id.* The ALJ, therefore, determined that claimant was not disabled under Section 416.-903(3) of Regulations No. 16, because claimant "does not lack the ability to perform his past work and is not prevented from performing such work by any mental or physical impairment." *Id.* The decision of the ALJ, as summarized above, became the final decision of the Secretary when the Appeals Council approved the decision on March 27, 1980.

On May 27, 1980, Osborne filed his complaint in this Court, seeking judicial review of the Secretary's decision. Thereafter, he filed a motion for remand of this case to the Secretary for the purpose of considering additional evidence. This evidence consists of an Ohio Rehabilitation Services Commission medical examination and report by Dr. Voehringer; a psychological evaluation conducted by Dr. Tangeman in August, 1977; and a work evaluation conducted by Goodwill Industries, beginning on November 14, 1977. Plaintiff contends that this additional evidence, as well as the psychological report of Dr. Baker, which had been before the ALJ, establish that plaintiff "was performing at such a low level that he was unable to perform even production assem-

bly work during the period of September 1977 through August 1979," thus, warranting a remand to the Secretary for consideration of this evidence. (doc. # 7, at 3).

Plaintiff's motion to remand came before the U.S. Magistrate, who recommended that it be denied because the plaintiff had failed to show good cause. The Magistrate concluded that the additional evidence, described above, did not constitute new and material evidence under 20 C.F.R. §§ 404.-958, 416.1479, because it was *repetitious* and *cumulative* of the evidence which had been considered by the ALJ. With respect to each of the three items of evidence offered by plaintiff, the Magistrate concluded that they were the same or similar in results, observations and impressions of the plaintiff's mental impairment, and the restrictions and limitations incident thereto. Plaintiff subsequently filed the motion which is currently before the Court.

*Discussion*

Plaintiff contends that the additional evidence, offered in support of remand, is *not cumulative and repetitious* as determined by the Magistrate. He asserts that the additional evidence documents that the claimant "was unable to perform even a simple assembly job without additional rehabilitation services." (doc. # 10, at 4). Plaintiff further contends that the ALJ knew of the existence of the work evaluation at the time of the hearing but failed to obtain it.

Under 42 U.S.C. § 405(g), the Court is empowered to order a case remanded to the Secretary for further consideration upon a showing of good cause. New and material evidence furnished after notice to the party to the initial determination is one way in which good cause can be demonstrated. 20 C.F.R. §§ 404.958, 416.1479. However, as the Magistrate stated, "Evidence which is cumulative or repetitious of that which has been used at a prior hearing does not constitute newly discovered evidence that would change the Secretary's decision and therefore warrant a remand." (doc. # 9, at 1).

This Court has examined the Administrative record, including the exhibits considered by the ALJ, and the evidence offered by the plaintiff in support of his motion to remand. Having done so, the Court is of the opinion that the new evidence is cumulative and repetitious of that which was before the ALJ. Further, the Court is satisfied with the comparison conducted by the Magistrate between the evaluations and reports presented to the ALJ, and those currently urged upon the Court. (See, doc. # 9, at 1–2).

Moreover, it is important to emphasize that the evidence now offered by plaintiff—the psychological report of Dr. Tangeman, the report by Dr. Voehringer, and the work evaluation by Goodwill Industries—were all compiled in 1977. In other words, all three of these evaluations antedated plaintiff's entrance, albeit short-lived, into the job market as a dishwasher. Even if the Court fully accepts plaintiff's contention that this evidence, along with Dr. Baker's psychological evaluation, establish that plaintiff "was unable to perform even a simple assembly job during the period of September 1977 through August 1979," this in no way bears upon the issue considered crucial by the ALJ, namely, *whether plaintiff could perform his past relevant work as a dishwasher.* Reference to the ALJ's decision clearly indicates that the determination that plaintiff was not disabled under the applicable provisions of the Social Security Act, and the regulations promulgated thereunder, flowed from the determination that plaintiff did not lack the ability to perform his past work as a dishwasher and was not prevented from performing this work by any mental or physical impairment. (See, Decision of ALJ at 6, Transcript of Administrative Hearing, at 12).

Thus, the fact that the evaluations compiled in 1977 and Dr. Baker's psychological evaluation tend to *corroborate* plaintiff's contention that he has been unable to perform a simple assembly job since 1977, in no way disproves or discredits the ALJ's determination that plaintiff is able to perform the simple repetitive job of a dishwasher. Inability to perform an assembly job cannot be interpreted to mean that plaintiff cannot

perform a dishwasher's job, especially since it is uncontroverted that plaintiff did, indeed, perform the job of dishwasher at two separate establishments, and left these positions by his own choice and not because he was fired or terminated by his employers.

In summary, this Court concludes that the new evidence offered by plaintiff does tend to corroborate his contention that he has been unable to perform even a simple assembly job since 1977. However, the Court also concludes that the evidence is cumulative and repetitious of that which was considered by the ALJ, and does not constitute evidence that would change the Secretary's decision that plaintiff is capable of performing his relevant work as a dishwasher, and therefore, is not disabled. Therefore, plaintiff's motion to review the Report and Recommendation, and order this case remanded to the Secretary for further consideration is overruled, and the Report and Recommendation is hereby adopted by the Court.

Wherefore, the Plaintiff's motion for remand having been denied by this Court, the Plaintiff is ordered to file a motion for summary judgment, within thirty days from date of receipt of notice of this decision.